UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VITO VARGAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-02797 |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION ON SUMMARY JUDGMENT**

Plaintiff Vito Vargas brings this civil rights action against defendant Texas A&M University. Plaintiff brings suit pursuant to 42 U.S.C. § 1983 alleging a violation of his First Amendment rights and pursuant to a state antidiscrimination statute alleging disparate treatment on the basis of age. On January 12, 2007, this court summarily GRANTED defendant's motion for summary judgment (Dkt. 18) and stated that a memorandum opinion would be forthcoming (Dkt. 27). Accordingly, this opinion sets forth the reasoning behind the court's recent order.

**I. FACTUAL BACKGROUND**

In August 2000, defendant Texas A&M University hired plaintiff Vito Vargas to work in defendant's Computing and Information Systems (CIS) Department. Dkt. 18 at 3. As a Senior Information Technology Associate, plaintiff's duties included various computer programming projects to assist in the automation of university services. *Id.* Throughout his employment, plaintiff reported directly to the Lead Software Applications Developer, Roxann Collins. *Id.* She assigned work to the plaintiff and had the duty of reviewing his performance and disciplining him for any work-related errors or other performance issues. *Id.*

Beginning in May 2002, Collins verbally warned plaintiff about errors in his work and missed deadlines. *Id.* at 4. Immediately thereafter, plaintiff's performance did improve somewhat, but Collins continued to warn plaintiff about his difficulty in completing assignments in an accurate and timely manner. *Id.* According to the defendant, these issues did not abate over the next two years, and in May 2004, Collins gave plaintiff a rather poor evaluation. *Id.* Collins cited plaintiff's accuracy and timeliness issues, substandard customer service skills, and low production as compared to other experienced employees. *Id.*

In July 2004, Collins gave plaintiff a performance improvement plan (PIP) that set forth a timeline of five months in which he was expected to improve his performance. *Id.* The plan stated that if his performance did not improve, he would receive further discipline up to and including termination of employment. *Id.* Consequently, when plaintiff's performance showed no measurable improvement over the following months, Collins presented plaintiff with a notice of termination on October 20, 2004, effective November 4, 2004. *Id.* at 4–5.

In plaintiff's original petition, he sets forth two reasons for his dismissal. First, he alleges that defendant terminated his employment because of his age, in violation of § 21.051 of the Texas Labor Code. *See* Dkt. 1 at 11. At the time of his firing, plaintiff was 57 years of age, and he claims that defendant replaced him with a younger employee. *Id.* On a different front, plaintiff alleges that he was terminated as a means of retaliation for engaging in speech protected by the First Amendment to the United States Constitution. *Id.* at 12. In late 2002, plaintiff wrote several letters to Texas state legislators advocating the passage of a bill which would consolidate Texas universities' computing operations and result in the closure of the TAMU computing department in which plaintiff and his

supervisors worked. *Id.* Plaintiff believes that Collins felt threatened by these activities and unlawfully terminated his employment in retaliation. *Id.*

Defendant now moves for summary judgment on plaintiff's § 1983 claim and his state-law age discrimination claim. After a review of the applicable standard for summary judgment, the litigants' arguments addressing each claim will be individually analyzed below.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). The party moving for summary judgment must demonstrate that there are no genuine issues of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). An issue is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

In responding to a properly supported summary judgment motion, the nonmovant cannot merely rely on its pleadings, but must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11, 106 S. Ct. 1348 (1986); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255; *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

### III. ANALYSIS

#### A. Plaintiff's § 1983 Claim

Plaintiff alleges that defendant terminated his employment in retaliation for a letter writing campaign to the Texas legislature. Dkt. 1 at 12. Plaintiff seeks redress for this alleged violation of his First Amendment rights by filing a 42 U.S.C. § 1983 claim against his employer, Texas A&M University. *Id.* In its summary judgment motion, defendant argues that the court should dismiss this claim because it is not actionable against the defendant, a state agency immune from § 1983 suits under the Eleventh Amendment to the United States Constitution. *See* Dkt. 18 at 7. The court agrees. Absent a clear and unequivocal waiver, a state and its agencies are immune from § 1983 money damage claims under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Neither party has raised the waiver issue, and the defendant, Texas A&M University, is a state agency created under the auspices of Texas law. *See Zentgraf v. Tex. A&M Univ.*, 492 F. Supp. 265, 271 (S.D. Tex. 1980); TEX. CONST. art. VII, §§ 11, 13, & 18; TEX. EDUC. CODE ANN. §§ 85.01 *et seq*. (Vernon 2006). Accordingly, plaintiff's claim against Texas A&M University, a state agency immune to this suit, must fail as a matter of law.

#### B. PLAINTIFF'S AGE DISCRIMINATION CLAIM

##### 1. Texas Law & The *McDonnell Douglas* Framework

Plaintiff also alleges that defendant unlawfully terminated his employment on the basis of age, in violation of the Texas Commission on Human Rights Act ("TCHRA"). *See* Dkt. 1 at 11; TEX. LABOR CODE ANN. § 21.051 (Vernon 2006). The TCHRA, a comprehensive employment antidiscrimination statute, prohibits an employer from discriminating against its employees on the basis of "race, color, disability, religion, sex, national origin, or age." *Id.* § 21.051. One of the

purposes of the TCHRA, according to the Texas legislature, is to provide for "the execution of the policies of Title VII of the [federal] Civil Rights Act of 1964 and its subsequent amendments." *Id.* § 21.001(1); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001). As a result, Texas courts use analogous federal statutes and applicable case law to guide their reading of the TCHRA. *See Quantum*, 47 S.W.3d at 476.

In interpreting federal employment discrimination law, the U.S. Supreme Court has established a burden-shifting scheme to evaluate the claims at issue. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802–05, 93 S. Ct. 1817 (1973) (creating the framework and applying it to a Title VII claim); *see also O'Connor v. Cons. Coin Caterers*, 517 U.S. 308, 310, 116 S. Ct. 1307 (1996) (applying the *McDonnell Douglas* framework to age discrimination claims under the federal Age Discrimination in Employment Act of 1967 ("ADEA")); *Quantum*, 47 S.W.3d at 477 (relying on *McDonnell Douglas* in a TCHRA age discrimination case). The order of proof proceeds as follows: (1) the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination; (2) if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action; and (3) if the defendant meets its burden of production, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the legitimate reason offered by the defendant is a pretext for unlawful discrimination. *Quantum*, 47 S.W.3d at 477. Each of these three stages, as applied to plaintiff's case, will be evaluated in turn.

**2. Plaintiff's Prima Facie Case**

Plaintiff must demonstrate four elements to prove his prima facie case of age discrimination: (1) that he is forty years of age or older; (2) that he suffered an adverse employment action; (3) that

he was qualified for his position; and (4) either that he was replaced by a younger person or that similarly situated coworkers were treated more favorably by the employer. *See Quantum*, 47 S.W.3d at 435; *see also Okoye v. Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001). Neither party disputes that plaintiff has demonstrated the first three elements. Plaintiff was 57 years of age at the time of his termination, and he met the minimum qualifications for his position. Dkt. 1 at 10; Dkt. 18 at 9. The parties' dispute centers around the fourth requirement of plaintiff's prima facie case. Dkt. 18 at 9; Dkt. 23 at 6–7. Thus, in order to survive summary judgment, plaintiff must demonstrate either that (1) he was replaced by a younger worker or (2) that he was treated less favorably than similarly situated coworkers. *Okoye*, 245 F.3d at 512–13.

In plaintiff's response to defendant's motion for summary judgment, he argues that evidence exists in the record to support his claim that he was replaced by a younger worker. Dkt. 23 at 3. Plaintiff supports this conclusory statement with a citation to page 15 of Roxann Collins' affidavit. *Id.* (citing Ex. A at 15). Notwithstanding the fact that Collins' affidavit is only 5 pages long, her affidavit never mentions a replacement for plaintiff at all.

Moreover, later in plaintiff's response, he does identify the allegedly younger replacement as a man named "Robert Jackson." Dkt. 23 at 5–6. Yet this identification conflicts with plaintiff's sworn testimony at his deposition. At that time, plaintiff stated that he had heard from a coworker, a man named Jackson Roberts, that plaintiff was replaced by a younger worker that was possibly "35 years old." Dkt. 18, Ex. B at 24. Plaintiff could neither remember the *name* of the replacement nor his exact age. *Id.* Defendant responds that plaintiff's testimony about the younger worker is inadmissible hearsay and not competent evidence at the summary judgment stage. Dkt. 18 at 10. The court agrees with the defendant. According to the Federal Rules, the nonmovant cannot create

6

a fact issue by offering evidence that would be inadmissible at trial. *See* Fed. R. Civ. P. 56(e); *Geiserman v. MacDonald*, 893 F.2d 787, 792–93 (5th Cir. 1990) ("'Rule 56(e) requires the adversary to set forth facts that would be admissible in evidence at trial. Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless.'") (quoting 10A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2722, at 156 (1983)). Thus, as plaintiff's beliefs about his replacement are based on inadmissible hearsay, he has not presented any competent evidence to support his assertion that he was in fact replaced by a younger worker.

Alternatively, plaintiff can establish the fourth element of his prima facie case by presenting evidence that other "similarly situated" coworkers were treated more favorably than he. *See Okoye*, 245 F.3d at 513. According to the Fifth Circuit, to establish this element the plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees who were not terminated. *Id.* at 514 (citations and alterations omitted). Further, the employees that the plaintiff seeks to use as comparators must be those employees who had the same supervisor and who committed the same infractions or violations of company policy to have "nearly identical" circumstances to those of the plaintiff. *See id.* (citing *Little v. Republic Refining Co.,* 924 F.2d 93, 97 (5th Cir. 1991); *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990)). In short, to raise a presumption of discrimination, plaintiff must demonstrate that a younger employee, who engaged in the same misconduct under similar circumstances, was not terminated.

In this case, plaintiff, as an employee who had repeatedly missed deadlines and produced poor work product, must point to disparate treatment of younger workers in these circumstances to prove the fourth element of his prima facie case. Plaintiff alleges that he was treated differently than five (5) similarly situated younger coworkers: (1) Vincent Pierce; (2) Tom Kidd; (3) Jackson Roberts; (4) a man named "Chester"; and (5) a man named "Lucio." Dkt. 23 at 6. As a general matter, all of the plaintiff's assertions regarding these coworkers lack any substantiation elsewhere in the record. According to governing precedent, unsubstantiated assertions and unsupported allegations are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Thus, plaintiff's generalized grievances, without more, do not create a fact issue precluding summary judgment. However, even assuming the court did find that plaintiff's statements are competent evidence, these allegations are still insufficient to defeat defendant's summary judgment motion. Plaintiff's claims as to each of these coworkers are addressed below.

    *a. Vincent Pierce*

Plaintiff alleges in his response that Pierce had a "hard time learning mainframe, and spent a lot of time instant messaging and emailing instead of working." Dkt. 23 at 6. Plaintiff further claims that although he notified his supervisors about Pierce's actions, no disciplinary action was taken, a lack of response he characterizes as discriminatory treatment. *Id.* at 6–7. However, plaintiff does not allege any knowledge of Pierce missing a deadline or producing inaccurate work. Dkt. 18, Ex. B at 85–86. Pierce also had a different supervisor than plaintiff. *Id.* at 84. These two distinctions, regarding different violations and different supervisors, show that Pierce is not a proper comparator to plaintiff to make out a claim of age discrimination. *See Okoye*, 245 F.3d at 514 (citing *Little*, 924 F.2d at 97; *Smith*, 891 F.2d at 1180).

### b. Tom Kidd

Plaintiff states that Kidd was a 22-year old A&M graduate that was hired directly out of school. Dkt. 18, Ex. B at 89. According to plaintiff, Kidd did not have an adequate background for the position and "had a hard time understanding mainframe." Dkt. 23 at 7. Plaintiff also alleges that based on his "experienced guess," Kidd missed one deadline in particular, though plaintiff has no personal knowledge that this was in fact the case. Dkt. 18, Ex. B at 91–92. Plaintiff also did not know whether Kidd had ever been counseled for poor performance by Ms. Collins. *Id.* at 92. Again, Kidd is not a proper comparator to plaintiff because plaintiff did not adduce any admissible evidence that Kidd missed any deadlines or produced inaccurate work. As a result, their situations are not "nearly identical," and Collins' treatment of Kidd is not probative evidence of any alleged age discrimination towards plaintiff. *Okoye*, 245 F.3d at 514–15.

### c. Jackson Roberts

Plaintiff claims that Collins caught Roberts asleep at his desk once and that Roberts did not show up for work once when he was on-call. Dkt. 18, Ex. B at 93–96. Even assuming these claims are true, they do not establish Roberts as a proper comparator to plaintiff. Plaintiff was warned several times over the course of three years about missing deadlines and inaccurate work, while he alleges two isolated and distinct violations by Roberts. Thus, differences in the treatment between Roberts and plaintiff do not establish any probative evidence regarding disparate treatment constituting age discrimination. *Okoye*, 245 F.3d at 514–15.

### d. "Chester"

Plaintiff alleges that Chester "applied for a transfer and received it immediately," while plaintiff's transfer requests were always denied. Dkt. 23 at 7. This fact alone does not establish that

Chester was a proper comparator because plaintiff presents no evidence whatsoever regarding any disciplinary problems with Chester. Plaintiff seems content to allege that the granting of Chester's transfer request establishes disparate treatment on the basis of age. However, without any evidence comparing Chester's circumstances to plaintiff's circumstances, Chester cannot be used as a comparator to establish the fourth element of plaintiff's prima facie case. *Okoye*, 245 F.3d at 514–15.

### e. "Lucio"

Lastly, plaintiff claims that a man named "Lucio" was treated more favorably than he was because Lucio's request for a transfer was immediately granted. Dkt. 23 at 7. For the same reasons described above establishing that Chester is not a proper comparator, the granting of Lucio's transfer request, without more, is not probative evidence of unlawful discriminatory treatment of plaintiff. *Okoye*, 245 F.3d at 514–15.

In conclusion, plaintiff offers no evidence of significant probative value to demonstrate the fourth requirement of his prima facie case. First, he offers no admissible evidence that shows that TAMU replaced him with a younger worker. Second, the five younger employees plaintiff alleges were treated more favorably than he are not "similarly situated" employees for the purposes of this analysis. Their violations of company policy, if any, were separate and distinct from the delinquent and inaccurate work issues attributed to plaintiff. Thus, they are not proper comparators in plaintiff's case, and he cannot demonstrate a prima facie case of age discrimination.

### 3. Defendant's Legitimate, Nondiscriminatory Reason for its Action

Even if the court determined that plaintiff did in fact demonstrate a prima facie case of age discrimination, the burden of production would shift to the defendant to offer some legitimate,

10

nondiscriminatory reason for terminating plaintiff.  This burden is not onerous.  According to the Supreme Court, "[t]his burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742 (1993)).  In this case, the defendant easily met this burden.  The defendant stated that Collins terminated plaintiff due to his repeated missed deadlines, inaccurate work, and inability or unwillingness to improve his work performance. Dkt. 18 at 4–5.  The defendant also produced numerous documents substantiating its claims of plaintiff's poor performance. *See* Dkt. 18, Ex. A (Affidavit of Roxann Collins recounting plaintiff's performance issues that ultimately led her to terminate plaintiff's employment); Ex. C (May 29, 2002 memorandum from Roxann Collins to Vito Vargas warning him about his deficient work performance); Ex. D (Plaintiff's May 2004 poor work performance evaluation); Ex. E (Plaintiff's July 2004 performance improvement plan); Ex. F (Plaintiff's July 14, 2004 written reprimand regarding missed deadlines).  Without question, defendant has met its burden to produce a legitimate, nondiscriminatory reason for its action.

### 4. Pretext

Lastly, at the summary judgment stage, once the defendant meets its burden of production the plaintiff must then raise a genuine issue of material fact that defendant's proffered reason is pretextual *and* that the defendant discriminated against him.  *Okoye*, 245 F.3d at 513.  Plaintiff argues that the defendant's explanation must be pretextual because plaintiff was an experienced programmer who helped his coworkers complete programs, he completed one program in a few days, and he was offered a promotion to his supervisor's position.  *See* Dkt. 23 at 8–9; *id.*, Ex. D at 1. However, these unsubstantiated assertions are from an email message sent by plaintiff and do not

11

constitute competent summary judgment evidence. *See Forsyth*, 19 F.3d at 1533. Plaintiff also claims that the previously described evidence of disparate treatment of five similarly situated employees is evidence of pretext. To the contrary, plaintiff's claims about these employees are uncorroborated by any other evidence in the record, and as stated above, these are not similarly situated employees under applicable precedent. In sum, because the plaintiff has not offered any competent evidence of pretext or disparate treatment toward actual comparators, plaintiff has failed to raise a genuine issue of material fact. And if the plaintiff has not met this burden, defendant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23. Thus, plaintiff's state-law age discrimination claim cannot proceed.

## V. CONCLUSION

After reviewing the arguments of the parties, the summary judgment record, and the applicable law, the court GRANTS the defendant's motion for summary judgment as to the plaintiff's § 1983 and state-law age discrimination claims.

Signed at Houston, Texas on January 16, 2007.

_____
Gray H. Miller
United States District Judge